UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SAJKO, JR., | : | |
| Plaintiff | : | CIVIL ACTION NO. 1:20-1723 |
| v. | : | (JUDGE MANNION) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | : : | |
| Defendant | : | |

## MEMORANDUM

Before the court is the report of United States Magistrate Judge Joseph F. Saporito, Jr. which recommends that the decision of the Commissioner denying the plaintiff's claim for disability insurance benefits and supplemental security income ("SSI") be affirmed. (Doc. 21). The plaintiff has filed timely objections to the report. (Doc. 22). Upon review of the record, the plaintiff's objections will be overruled and the report and recommendation will be adopted in its entirety.

---

[1] Kilolo Kijakazi became the Commissioner of Social Security effective July 9, 2021, to succeed Andrew Saul. Under Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. §405(g), Kilolo Kijakazi is automatically substituted as the defendant in this action.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff originally filed for disability insurance benefits and SSI under Titles II and XVI of the Social Security Act ("SSA") on January 5, 2018, alleging an onset of disability on March 31, 2014. The plaintiff's original application was denied. Subsequently, a hearing was held before an administrative law judge ("ALJ"), who determined that the plaintiff was capable of making an adjustment to other work that exists in significant numbers in the national economy. On September 23, 2020, the plaintiff filed the instant appeal which was assigned to the undersigned and referred to Judge Saporito. (Doc. 1).

In his appeal, the plaintiff argues that the ALJ erred in (1) failing to properly weigh the opinion of plaintiff's treating psychologist, Ms. Andrey-Bailey, and (2) failing to properly evaluate plaintiff's symptoms. The same arguments which the plaintiff raises in support of his appeal are now raised as the bases for his objections to Judge Saporito's report and recommendation. The totality of the plaintiff's objections spans a mere three pages.

As to the first objection, the plaintiff argues that the ALJ erred by failing to properly consider Ms. Andrey-Bailey's finding that the plaintiff had marked limitations. However, the court has reviewed the report of Judge Saporito and finds that it adequately addresses why there is substantial record

evidence to support the ALJ's decision that plaintiff was not as limited in function as Ms. Andrey-Bailey had opined. For instance, while Ms. Andrey-Bailey indicated that plaintiff would be unable to complete a normal workday, the plaintiff himself reported generally mild to moderate symptoms that improved with medication. (Doc. 21 at 16). Further, the ALJ, having concluded that the evidentiary record was sufficient to make a disability determination, was not obligated to contact Ms. Andrey-Bailey for clarification of her opinion. *Byrson v. Commissioner Social Sec.*, 639 Fed.Appx. 784, 787 n. 8 (3d Cir. 2016) ("recontacting a medical source is now discretionary"). The court finds no reason to belabor the matter and adopts the report of Judge Saporito in its entirety in this respect.

In his second objection, the plaintiff argues that the ALJ's symptom evaluation violates Social Security Ruling 16-3p, which provides that in making a disability determination, an adjudicator considers the "extent to which the [claimant's] symptoms can reasonably be accepted as consistent with the objective medical and other evidence..." 20 C.F.R. §404.1529(a); Social Security Ruling ("SSR") 16–3p, 2017 WL 5180304, at *4–*10. Upon review of the relevant record, the court finds that the ALJ adequately considered plaintiff's symptoms. As indicated in Judge Saporito's report, the ALJ properly concluded that plaintiff's reports of the limiting effects of his

- 4 -

symptoms are not consistent with the medical and other evidence in the record, which indicated mild to moderate symptoms and limitations. (Doc 21 at 24; Doc. 15-2 at 22). The court agrees with Judge Saporito's reasoning and finds that the ALJ's decision properly considered plaintiff's symptoms.

In light of the above, the court will overrule the objections of the plaintiff and adopt the report and recommendation of Judge Saporito in its entirety. An appropriate order shall issue.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: June 27, 2022**
20-1723-01